CINCINNATI, H. & D. RY. CO. v. SHERIFF OF CITY OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. June 14, 1913.)

No. 229.

SHERIFFS AND CONSTABLES (§ 47*)—COMPENSATION—POUNDAGE FEES.

Though out of proportion to the work done and risk taken, the fees and, poundage of a sheriff on a levy issued out of the state court before removal of the action to the federal court, and discharged on the giving of a bond, should be fixed and taxed at the amount to which he is entitled under Laws N. Y. 1892, c. 418.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 72–74; Dec. Dig. § 47.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Charles A. Bruce and the Corporate Organization & Audit Company against the Cincinnati, Hamilton & Dayton Railway Company. Defendant seeks by writ of error to review an order fixing and taxing the fees and poundage of the sheriff of New York County under an order of attachment issued by the state court before removal of the cause. Affirmed.

Following is the opinion of Coxe, Circuit Judge, in the District Court:

This case comes here on a motion by the sheriff of the county of New York for an order fixing and taxing his fees and poundage upon a levy made under a warrant of attachment issued out of the Supreme Court of the state, prior to the removal of the action to this court. The warrant was regularly issued and under it the defendant's property was duly attached pursuant to the provisions of sections 644, 647, 648, 649 and 709 of the New York Code. The property consisted of stock and bonds and a deposit of $20,607.97 held by a New York banking house as security for a demand note of $500,000, owned by the bankers. Subsequently a bond was given and the attachment was duly discharged by an order of this court.

Although the amount claimed by the sheriff is grossly out of proportion to the work done and risk taken by him, I see no answer to his claim. He seems to have done everything which the law required in making the levy. He could not have taken the property into his possession because the bankers insisted that they held a valid lien upon it. His action resulted in securing the plaintiffs' claim as effectually as if he had the securities in his possession. The sheriff has done his work and is entitled to the fees allowed by the state statutes. The proposition that the fees are out of proportion to the work done is one which should be addressed to the Legislature and not to the courts. Under the law as interpreted by the New York authorities, I think the sheriff is entitled to his fees. See chapter 418, vol. 1, Laws of New York, 1892, p. 868; Jones v. Gould, 114 App. Div. 120, 99 N. Y. Supp. 789; Jones v. Gould, 119 App. Div. 817, 104 N. Y. Supp. 935; Plummer v. Power Co., 88 App. Div. 452, 85 N. Y. Supp. 107.

The question was recently determined by this court, Judge Noyes writing the opinion, in Lindsey v. Rubber Co. (D. C.) 197 Fed. 775, where the situation was substantially the same as in the case at bar.

The motion is granted.

S. F. Hartman and Stanchfield & Levy, all of New York City, for plaintiff in error.

F. A. O'Neill, of New York City, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Judgment affirmed.